IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PRECISION IBC, INC. | ) |
| Plaintiff, | ) Civil Action No. 09-00238-CG-M |
| vs. | ) |
| HOOVER MATERIALS HANDLING GROUP, INC., | ) |
| Defendant. | ) |

## CONSENT ORDER OF PERMANENT INJUNCTION AND FINAL JUDGMENT

Based on the agreement of the parties, the Court enters the following Order.

1. On April 29, 2009, Plaintiff Precision IBC, Inc. ("Precision") filed this action alleging that Defendant Hoover Materials Handling Group, Inc. ("Hoover") distributed false and misleading advertising materials concerning the safety and quality of Precision's intermediate bulk containers in violation of both federal and Alabama law. The advertising materials at issue consist of a one-page Chinese/IBC Tank Summary Memo ("Tank Summary Memo"), which Precision alleges misrepresents material facts about the origin, safety, and quality of Precision's intermediate bulk containers as well as the United Nation's ("UN") safety requirements applicable to such containers.

01872033.2

2.  The Tank Summary Memo was distributed by Hoover's former Southwest Regional Sales Manager, Mr. Kevin Kinzie, to a customer shared by Precision and Hoover.[1] The Tank Summary Memo contains false and misleading information concerning (i) the origin, safety, and quality of Precision's intermediate bulk containers and (ii) the UN's specifications for wall thickness applicable to Precision's containers.

3.  By agreement of the parties, IT IS HEREBY ORDERED that Hoover, its officers, agents, servants, employees, and attorneys are permanently enjoined from:

   (a) making false representations or distributing false advertising and/or false promotional materials, including, without limitation, the Tank Summary Memo described herein, that concern the origin, quality, and/or safety of Precision's intermediate bulk containers or that state or otherwise imply or suggest that Precision's containers do not meet UN specifications or that misrepresent UN specifications to the public;

   (b) communicating or otherwise suggesting to any third party that Precision's intermediate bulk containers, as currently designed and built, are manufactured at or near the minimum current UN specifications for wall thickness;

   (c) communicating or otherwise suggesting to any third party that any deterioration of Precision's intermediate bulk containers, as currently designed and built, will cause the containers to fail current UN specifications;

---

[1] According to Mr. Kinzie, prior to accepting his position with Hoover, Mr. Kinzie had no experience in the intermediate bulk container business. Mr. Kinzie is no longer employed or associated with Hoover.

  (d)  making false representations about the wall thickness of Precision's intermediate bulk containers (Hoover, through its counsel, has been provided information concerning the wall thickness of Precision's containers).

  4.  Hoover agrees to issue retraction statements to recipients of the Tank Summary Memo expressly retracting the false and misleading statements concerning the origin of Precision's 550 gallon containers, UN specifications for wall thickness, and Precision's compliance with UN specifications for wall thickness (counsel have agreed to confer concerning the content of the retraction letter). Precision agrees that its management, representatives and/or employees will not:

  a) post the Order on its website; or

  b) publish the Order to more than one customer in a blast email.

It is understood and agreed, however, that this Order is not confidential; that, subject to subparagraph (b) above, it may be shared with third parties (including customers and prospective customers); and that the contents may be discussed and otherwise communicated to third parties (including customers and prospective customers).

  5.  Hoover understands and agrees that any violation of this Order will result in Hoover being held in contempt of Court and will entitle Precision to recover the following relief from Hoover:

(a) damages in the sum of $25,000 or an amount sufficient to compensate Precision for all injuries resulting from Hoover's violation of this Order, whichever sum is greater;

(b) all costs and expenses, including attorneys' fees, incurred by Precision to enforce this Order, and all costs and expenses, including attorneys' fees, incurred by Precision in the matter *Precision IBC, Inc. v. Hoover Materials Handling Group, Inc.*, in the United States District Court Southern District of Alabama Southern Division, Civil Action No. 09-00238-CG-M;

(c) an Order instructing Hoover to issue an immediate retraction of the false or misleading statements and/or advertising materials and further injunctive and/or equitable relief as necessary or appropriate; and

(d) such other and further relief as the Court shall deem just and proper.

6. The parties have consented to the entry of this Order for Permanent Injunction. This Permanent Injunction is a Final Judgment and will remain in place until December 31, 2014.

**Precision IBC, Inc.**

By: _Anthony Feard_, as its _President_.

Attorney: _Ann James McClurkin_, as attorney for Precision IBC, Inc.

On this 31 day of December, 2009.

**Hoover Materials Handling Group, Inc.**

By: _____/s/_____, as its _Chief Executive Officer_

Attorney: _____/s/_____, as attorney for Hoover Materials Handling Group, Inc.

On this 18th day of December, 2009.

**DONE** and **ORDERED** this the __5th__ day of __January__, 20__10__.

                          s/Callie V. S. Granade
                CHIEF **UNITED STATES DISTRICT JUDGE**